[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-14503
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 30, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 05-00028-CR-T-17TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXIS BUSH TAPIA,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------------------------------
**(June 30, 2006)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant Alexis Bush Tapia appeals the 135-month sentence imposed following his plea of guilty to drug trafficking offenses.  No reversible error has been shown; we affirm.

Defendant was in a 38-foot speed boat with three other crew members in international waters in the Carribean Sea when the speed boat was spotted by the United States Coast Guard.  As the Coast Guard approached, Defendant and the other crew members threw bales of cocaine into the water.  The Coast Guard boarded the boat and apprehended the crew; 90 bales -- containing 2,225 kilograms -- of cocaine were recovered.

On appeal Defendant raises a single issue: whether the district court clearly erred when it denied him a minor-role reduction under U.S.S.G. § 3B1.2(b).  Defendant had argued before the district court -- and argues on appeal -- that he was an impoverished crew member who knew of the illegal purpose of the trip but, as a courier, was the least culpable member of the conspiracy.  Defendant contends that he had no responsibility for planning the cocaine's delivery, had no equity interest in the cocaine, and enjoyed no authority in the enterprise.  As such, Defendant claims entitlement to a minor-role reduction under United States v. De Varon, 175 F.3d 930 (11th Cir. 1999), when his role is compared to that of other participants in the drug conspiracy.  We disagree.

Section 3B1.2(b) of the United States Sentencing Guidelines allows for a two-level reduction in a defendant's base offense level if the sentencing court determines that the defendant was a minor participant in the offense. A minor participant is any participant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b), comment. (n.3.). In De Varon, we set out two measurements that inform the sentencing court's mitigating-role-in-the-offense determination: (1) the defendant's role against the relevant conduct for which he has been held accountable; and (2) the defendant's role as compared to that of other participants in his relevant conduct. Id. at 940. About the first measurement, De Varon counsels that "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable -- not a minor role in any larger criminal conspiracy -- should the district court grant a downward adjustment for minor role in the offense." Id. at 944. About the second measurement, De Varon counsels that this relative culpability inquiry includes "only those participants who were involved in the relevant conduct attributed to the defendant. The conduct of participants in any larger criminal conspiracy is irrelevant." Id. The first measurement is the most important and, in many cases, may end the inquiry. Id. at 945.

Defendant failed to show that he played a minor role in the relevant conduct for which he was held accountable.  Defendant admitted that his offense involved 2,225 kilograms of cocaine; he was held accountable for no larger quantity.  Where the relevant conduct for which a defendant is held accountable is identical to the defendant's actual conduct, no minor role entitlement may be established simply by referencing some broader criminal scheme.  See De Varon, 175 F.3d at 941.  Also, in the drug courier context, a large amount of drugs itself is an important factor  -- maybe even a dispositive factor -- in determining the availability of a minor role adjustment.  Id. at 943 ("[T]he amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct....[W]e do not foreclose the possibility that amount of drugs may be dispositive....").

The sentencing court was prepared to consider relative culpability: Defendant failed to show he was a minor participant relative to other defendants.[*]  Defendant's counsel offered no distinction between Defendant's participation in the relevant conduct and that of an "average participant."  "The proponent of the downward adjustment ... always bears the burden of proving a mitigating role in

[*]We accept that the boat's captain played a larger role than that of Defendant; the captain received a role enhancement at sentencing. That the captain merited an upward role adjustment does not mean that the others on the boat were not each average participants in the offense conduct.

4

the offense by a preponderance of the evidence." De Varon, 175 F.3d at 939. Defendant failed to show that he was "less culpable than *most other participants* in [his] relevant conduct." Id. at 944 (emphasis in original).

The sentencing court committed no clear error in refusing Defendant a minor-role adjustment.

AFFIRMED.